**Docket No. 2024-1710**

*In the*

# United States Court of Appeals

*For the*

# Federal Circuit

BLUE SKY THE COLOR OF IMAGINATION, LLC,

*Plaintiff-Appellant,*

v.

UNITED STATES,

*Defendant-Appellee.*

*Appeal from the United States Court of International Trade*
*Case No. 1:21-cv-00624-JAR · Senior Judge Jane A. Restani*

## APPELLANT'S REPLY BRIEF

CHRISTOPHER J. DUNCAN, ESQ.
ELON A. POLLACK, ESQ.
STEIN SHOSTAK SHOSTAK POLLACK
& O'HARA, LLP
865 South Figueroa, Suite 1388
Los Angeles, California 90017
(213) 630-8888 Telephone
(213) 630-8890 Facsimile
cduncan@steinshostak.com
elon@steinshostak.com

*Attorneys for Appellant,*
*Blue Sky the Color of Imagination, LLC*



FORM 9. Certificate of Interest

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2024-1710

**Short Case Caption** Blue Sky the Color of Imagination, LLC

**Filing Party/Entity** Plaintiff

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: September 18, 2024

Signature: /s/ Christopher J. Duncan

Name: Christopher J. Duncan

**FORM 9. Certificate of Interest**

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☒ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☒ None/Not Applicable |
| Blue Sky the Color of Imagination, LLC | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐     Additional pages attached

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☒   None/Not Applicable          ☐   Additional pages attached

| See Entry of Appearance | | |
|---|---|---|
| | | |
| | | |

**5. Related Cases.**  Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☒   Yes (file separate notice; see below)   ☐   No   ☐   N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b).  **Please do not duplicate information.**  This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal.  Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☒   None/Not Applicable          ☐   Additional pages attached

| | | |
|---|---|---|
| | | |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................ ii

I.     INTRODUCTION ........................................................................1

II.    THE TRADE COURT COMMITTED REVERSIBLE ERROR ..................2

III.   THIS COURT SHOULD CONDUCT A *DE NOVO* REVIEW ....................3

IV.    PURSUANT TO THE GRIS, THE PLANNING CALENDARS ARE
       CLASSIFIED AS CALENDARS ................................................................4

       A.     Pursuant to GRI 1, the Planning Calendars are Classified as
              Calendars ........................................................................4

       B.     Pursuant to GRI 3, the Planning Calendars are Classified as
              Calendars ........................................................................9

V.     CONCLUSION............................................................................13

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

## CASES

*Avenues In Leather, Inc. v. United States,*
    317 F.3d 1399 (Fed. Cir. 2003)......................................................................... 7

*Casio, Inc. v. United States,*
    73 F.3d 1095 (Fed. Cir. 1996)........................................................................... 9

*Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.,*
    424 F.3d 1293 (Fed. Cir. 2005).......................................................................... 9

*La Crosse Tech., Ltd. v. United States,*
    723 F.3d 1353 (Fed. Cir. 2013)................................................................. *passim*

*Marcel Watch Co. v. United States*,
    11 F.3d 1054 (Fed. Cir. 1993) ......................................................................... 3

*Mead Corp. v. United States*,
    283 F.3d 1342 (Fed. Cir. 2002)................................................................. *passim*

*SmithKline Beecham Corp. v. Apotex, Corp.,*
    439 F.3d 1312 (Fed. Cir. 2006).......................................................................... 9

## HARMONIZED TARIFF SYSTEM OF THE UNITES STATES

Chapter 48 Heading 4820 ........................................................................... *passim*

Chapter 49 Heading 4910 ........................................................................... *passim*

## OTHER AUTHORITIES

General Rules of Interpretation 1 ................................................................. *passim*

General Rules of Interpretation 3 ................................................................. *passim*

# I.

## <u>INTRODUCTION</u>

Appellant Blue Sky's opening brief addresses two issues raised on appeal: (1) whether the trade court erred by defining the tariff term "diary" as a book to write about future events contrary to this Court's legal interpretation in *Mead*; and (2) whether the trade court clearly erred by classifying Blue Sky calendar year 2021 weekly/monthly planning calendars as "diaries" instead of calendars. Blue Sky establishes that the trade court committed reversible error on both counts and that, pursuant to the HTSUS GRIs, the planning calendars are properly classified as "calendars of any kind" in Heading 4910.

In response, the government concedes: (1) the trade court violated the principle of *stare decisis* by failing to follow *Mead*; (2) *Mead* likely precludes classification of the planning calendars as "diaries;" and (3) the planning calendars should be reclassified in a different subheading. Accordingly, the parties appear to agree on the core question before this Court that the trade court committed reversible error by incorrectly classifying the planning calendars as diaries.

It is where to go from here that the parties diverge. Given there are no material facts in genuine dispute, Blue Sky requests that this Court conduct its standard *de novo* review and determine the correct classification pursuant to the HTSUS GRIs. The government appears to take a contrary, novel approach that, notwithstanding the

trade court's reversible errors, this Court should forgo its own analysis and instead partially defer to the trade court by reclassifying the planning calendars in a similar subheading within the heading erroneously chosen by the trade court. However, under the *de novo* standard of review, this Court must conduct its own classification analysis and not give any deference to an erroneous lower court decision. Pursuant to GRIs 1 and 3, the planning calendars are properly classified as "calendars of any kind" in Heading 4910, Subheading 4910.00.20.00. Therefore, this Court should reverse the trade court and enter judgment for Blue Sky.

## II.

## <u>THE TRADE COURT COMMITTED REVERSIBLE ERROR</u>

In its response brief, the government admits the trade court violated the principle of *stare decisis*, and therefore committed legal error. The trade court defined the tariff term "diaries" as **<u>books to write about the future</u>**, which is contrary to this Court's binding legal interpretation in *Mead* that diaries are only **<u>records of the past</u>**. Gov. Br., pp. 43, 45. The government also apparently concedes that the trade court clearly erred by then finding that the planning calendars, which indisputably do not record past events, fall within the description of "diaries" in Subheading 4820.10.20.10 because *Mead* precludes classification in this subheading. Gov. Br., pp. 44. Accordingly, it is undisputed that the trade court committed reversible error.

## III.

## <u>THIS COURT SHOULD CONDUCT A *DE NOVO* REVIEW</u>

Despite the government's acknowledgement that the trade court erred, it then spends much of its 50-page response brief defending the erroneous decision. It urges this Court to defer to the trade court by simply defaulting to a similar subheading within the same heading erroneously chosen by the trade court. However, the government cannot have it both ways.

Contrary to the government's unusual request to this Court, "[t]he ultimate issue as to whether particular imported merchandise has been classified under an appropriate tariff provision is a question of law subject to *de novo* review." *Marcel Watch Co. v. United States,* 11 F.3d 1054, 1056 (Fed.Cir.1993). If this Court determines a lower court errs, it must conduct its own *de novo* review under the HTSUS GRIs to determine the proper classification. *See*, e.g., *La Crosse Tech., Ltd. v. United States*, 723 F.3d 1353, 1359–62 (Fed. Cir. 2013). Here, both parties agree the trade court erred so this Court must reject the lower court's erroneous classification decision and determine the proper classification by conducting its own *de novo* legal review pursuant to the GRIs.

**IV.**

**PURSUANT TO THE GRIS, THE PLANNING
CALENDARS ARE CLASSIFIED AS CALENDARS**

**A.     Pursuant to GRI 1, the Planning Calendars are Classified as Calendars**

Under GRI 1, the Court must first analyze whether the calendar year 2021 weekly/monthly planning calendars fit specifically and completely in either Heading 4910 or Heading 4820, the two tariff headings at issue here. Blue Br. at 19. Blue Sky contends that the planning calendars specifically and completely fit within the description "calendars of any kind" in Heading 4910 because virtually every page contains a printed monthly or weekly calendar used to discern where a date in the future fits relative to other dates.

Although the government tacitly argues for classification in Heading 4820 under GRI 1, the government, like the trade court, contends the calendar year 2021 weekly/monthly planning calendars are comprised in part of standard monthly calendars classified in Heading 4910 and in part of dated weekly view components that it claims are similar to registers, diaries, notebooks, and other generic stationery articles classified in Heading 4820. Gov. Br. 27 ("the products…are bound notebooks that contain charts that meet the calendar definition…"). It claims that, while the monthly view pages are part of a monthly calendar, the weekly view pages are not part of a weekly calendar because they are allegedly not formatted as charts, tables, or grids and contain limited writing space. Gov. Br. at 24, 29, 48, and 49.

4

Given the government's position that the planning calendars have components classified in two different headings, only Blue Sky maintains that the planning calendars are comprised entirely of materials specifically and completely described in one heading, Heading 4910, as required for classification in GRI 1. For the following reasons, the government is wrong, and the planning calendars are classified in Heading 4910 pursuant to GRI 1.

First, the government is wrong that the weekly view pages are not formatted as tables. They are printed as a calendar year 2021 weekly calendar in tabular format in a two-page spread for each week with two columns and several rows for week of the year and horizontal calendar boxes for each day of calendar year 2021. The government fails to acknowledge, much less counter, Blue Sky's argument that the weekly view pages meet even the government's overly narrow calendar definition.

Second, the government is wrong that Heading 4910 requires calendars to be formatted as charts, grids, or tables. Heading 4910 specifically includes "calendar blocks," which do not contain grids, tables, or charts. Blue Br. 14. Calendar blocks are calendars in which each day of the year is printed on a single paper page, notably with ample space to write notes. Further, even if they were not formatted as a table, the challenged weekly view calendar pages, like calendar blocks, meet the common and commercial calendar definition of calendars as a system of organizing the dates

of a calendar year, as well as the broad, unlimited description in Heading 4910, "calendars **of any kind**."

Third, the government is wrong that Blue Sky does not market the weekly view pages as a weekly calendar. Given both Headings 4910 and 4820 are *eo nomine* provisions, marketing is not directly pertinent to the Court's classification determination. Regardless, contrary to the government's claim, Blue Sky prominently markets the 2021 weekly/monthly planning calendars as containing "**weekly + monthly calendars**" in printing on the front of the planning calendar's packaging. APPX0768-APPX0769.

Fourth, the government is wrong to totally rely on the non-binding WCO ENs for the proposition that calendars cannot have writing space. The ENs support Blue Sky's position that articles used to record past information, such as the diaries and memorandum pads, are not classified in Heading 4910 even if they incorporate calendar inserts for reference. Blue Br. at 16. If, alternatively, the Court determines the ENs support the government's argument that calendars with writing space are no longer calendars, then application of the non-binding ENs must be rejected because they conflict with the clear language of Heading 4910, which broadly includes "calendars of any kind," including "calendar blocks," with no restriction relating to writing space. Blue Br. at 17.

Finally, the government is wrong that this Court should classify the calendar year 2021 weekly/monthly planning calendars in the same subheading as the products in *Mead*. While both products allow for planning, the similarities end there. The government omitted the following obvious, material differences between these two different and incomparable products from its argument to this Court:

| *Mead* Products | Blue Sky Planning Calendars |
|---|---|
| Three-ring binder | Bound book |
| Undated | Dated for calendar year 2021 |
| Replaceable pages | Cannot replace pages |
| Never expires | Expired after 2021 |
| Tabbed A-Z contacts directory | One-page contacts page |
| 12-page undated "calendar" insert | Virtually every page contains printed calendars with dates for every day in calendar year 2021 |
| Multi-page replaceable note pad | Only five pages of lined notes pages |
| Multi-page daily planner section | No daily planner section |
| Plastic ruler | No ruler |
| Plastic zippered storage pouch | No plastic zippered storage pouch |
| Plastic credit card/diskette holder | No credit card/diskette holder |

Further, this Court is not bound by classification determinations in other cases, even ones concerning the same or similar articles, which is clearly not the case here. *See Avenues In Leather, Inc. v. United States* 317 F.3d 1399, 1404 (Fed.Cir.2003). Rather, this Court must conduct its own *de novo* GRI analysis.

Based on the parties' articulated positions, there are only two options. Either: (1) Blue Sky is correct and the weekly/monthly planning calendars are calendars properly classified *in whole* in Heading 4910 under GRI 1; or (2) the government is

correct, and they are composite articles comprised of separate calendar and non-calendar components that are classified in two different headings, Heading 4910 and Heading 4820, such that they are not classifiable under GRI 1.

The government nevertheless presents a lengthy argument that, while the planning calendars consist of different components, their essential character is that of a notebook such that they are classifiable *in whole* in Heading 4820 under GRI 1. Gov. Br. at 32-43. GRI 1, however, does not involve an essential character analysis and the term "essential character" does not appear in GRI 1. Rather, GRI 1 is for situations in which a Court need not consider the essential character of a product because the character of the product is clear, there are no competing features or components, and the entire product is described by the language of a single heading. Contrary to the government's position, the ENs on which it relies apply the essential character test to composite articles (e.g., "memorandum pads incorporating calendars") so they provide guidance for use of a GRI 3, not GRI 1, analysis. By devoting inordinate time discussing essential character, the government unintentionally takes the position that GRI 1 does not apply and a GRI 3 analysis is necessary to classify the planning calendars.

Accordingly, if this Court determines the monthly/weekly planning calendars are classified in a single heading, then they are classified in Heading 4910 under

GRI 1. If, alternatively, this Court determines they are not classifiable in a single heading pursuant to GRI 1, the Court must move on sequentially to GRI 3.

## B.     Pursuant to GRI 3, the Planning Calendars are Classified as Calendars

"When goods are in character or function something other than as described by a specific statutory provision—either more limited or more diversified—and the difference is significant, then the goods cannot be classified under an *eo nomine* provision pursuant to GRI 1." *La Crosse,* 723 F.3d at 1358, *citing Casio, Inc. v. United States,* 73 F.3d 1095, 1097 (Fed.Cir.1996). The government argues the planning calendars contain both calendars and stationery. If the government is correct then GRI 3, not GRI 1, applies.

As a threshold matter, the government does not address the essential character factors in GRI 3, does not offer any argument concerning possible classification under GRI 3 (or any GRI other than GRI 1), and argues GRI 3 does not apply. Gov. Br. 49 ("…GRI 3 does not apply."). Given the government takes the position the planning calendars are not classified in Heading 4820 pursuant to GRI 3, it waives this claim on appeal. *See SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1319 (Fed. Cir. 2006), *citing Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.,* 424 F.3d 1293, 1320–21 n. 3 (Fed.Cir.2005) ("Our law is well established that arguments not raised in the opening brief are waived."). As Blue Sky sets forth in detail in its opening brief, a GRI 3 analysis conclusively and inevitably leads to

classification of the planning calendars in Heading 4910 and the government has waived the opportunity to argue otherwise.

Assuming *arguendo* the government can challenge Blue Sky's claims to classification under GRI 3, the government incorrectly claims that GRI 3 only applies when the entire article is *prima facie* classifiable in two or more headings. Gov. Br. 48. Contrary to appellee's claim, under GRI 3(a), "When two or more headings each refer **to part only** of the materials or substances contained in mixed or composite goods or to part only of the items in a set put up for retail sale, **those headings are to be regarded as equally specific in relation to those goods, even if one of them gives a more complete or precise description of the goods**." ADD-001 (emphasis added). In such situations, in which a product has components classified in two different headings, the Court must move sequentially from GRI 3(a) to GRI 3(b). *Id*. If the planning calendars contain both calendar components classified in Heading 4910 and weekly view components that are generic stationery articles classified in Heading 4820, as the government claims, the two headings are considered equally specific, and the Court should progress sequentially to GRI 3(b).

Under GRI 3(b), the component that gives the article its essential character prevails. Here, calendars give the calendar year 2021 planning calendars their essential character. The weekly view and monthly view calendar printing in the 2021 weekly/monthly planning calendars give them their essential character because

without the printed calendar boxes for each day of 2021, there would be nothing to write about in the limited writing space therein. This note-taking function could not be done without first consideration of the organized, chronological tabular calendar boxes in the weekly view pages, *i.e.*, the weekly calendar. Moreover, the entire planning calendars expire and become obsolete after 2021, not just the monthly calendar section.

In contrast, notebooks, memorandum pads, and diaries, including so-called engagement books, never expire and can be used even if they do not include dated calendar components because the user is recording past events to which the user can easily include the date the event happened, as is commonly done with a notebook. Heading 4820 articles simply record in detail what is happening currently or what has happened in the past, like a diary. Articles of Heading 4820 can be used for logging or recording accounts, checks, marriages, deaths, etc. in the same exact manner regardless of whether they have a reference calendar or not, whereas the calendar year 2021 weekly/monthly planning calendars would be useless without their extensive weekly and monthly calendar printing, which comprise nearly all of the products' pages.

Lastly, this Court's decision in *La Crosse Tech., Ltd. v. United States* is instructive on this Court's GRI 3 analysis. *La Crosse* concerned the classification of several models of imported electronic devices with both components that display the

11

time and date and separate components that measure and display atmospheric and weather conditions. *La Crosse,* 723 F.3d at 1355-1357. Customs classified the devices as clocks and the importer filed suit. *Id.* The trade court divided the devices into three categories and concluded one category was classified as thermometers and other barometric devices, a second category was classified as clocks, and a third category was classified as weather forecasting instruments. *Id.* The importer appealed. *Id.* On appeal, this Court concluded the trade court committed reversible error and conducted a *de novo* GRI analysis. *Id.* The Court determined that given the devices had multiple components classified in different headings, GRI 1 did not apply. *Id.* at 1359-1360. The Court then moved to GRI 3(a) and determined that each heading covered only a separate component of the device, so the court moved on sequentially to GRI 3(b). *Id.* The Court considered the essential purpose and character of each component, determined that, even though the devices' weather forecasting function was not their most prominent feature, it was their indispensable, defining feature, and thus imparted the device's essential character, and classified all of them as weather forecasting devices pursuant to GRI 3(b). *Id.* at 1361.

If the Court agrees with the lower court and the government that the 2021 weekly/monthly planning calendars contain components classifiable in different headings that serve different functions then, as in *La Crosse*, this Court cannot classify Blue Sky's product under GRI 1 and must progress sequentially to GRI 3.

Given that Headings 4910 and 4820 cover distinct components, they are regarded as equally specific, and the Court must progress from GRI 3(a) to GRI 3(b) to determine which component gives the planning calendars their essential character. The planning calendars' printed calendars with boxes for each day of 2021, not blank writing space, are the essential character of the planning calendars because these features are an indispensable and defining component. Any notes about future plans a user may make in printed boxes for a given day are directly a result of their printed representation of dated 2021 calendars used to arrange that date for a future event, which is the primary feature of calendars of any kind. Accordingly, following this Court's reasoning in *La Crosse*, under GRI 3(b), the Court should classify Blue Sky's calendar year 2021 weekly/monthly planning calendars in accordance with their indispensable and defining component: **a calendar**.

## V.

## CONCLUSION

The lower court committed reversible error by classifying Blue Sky's calendar year 2021 weekly/monthly calendars as diaries in Heading 4820 rather than as calendars in Heading 4910 contrary to this Court's holding in *Mead*. The government ultimately agrees the lower court erred but urges this Court to defer to the erroneous lower court and reclassify the planning calendars in another subheading in Heading 4820 without conducting the required GRI analysis. Blue

Sky has established the planning calendars are classified correctly in Heading 4910 under GRI 1. However, even accepting the government's description of the planning calendars as composite articles containing separate calendar and stationery components, Blue Sky's planning calendars are classified in Heading 4910 under GRI 3(b) because the printed monthly and weekly calendars provide the essential character of the product.

Accordingly, Blue Sky respectfully requests this Court: (1) reverse the CIT's judgment; (2) grant Blue Sky's motion for summary judgment; (3) order that the Blue Sky 2021 weekly/monthly planning calendars are classified as "calendars of any kind" in Heading 4910, Subheading 4910.00.20.00; and (4) award Blue Sky such other relief as this Court deems appropriate.

Dated: September 18, 2024        Los Angeles, California.

Respectfully submitted,

By:    /s/ Christopher J. Duncan
       Stein Shostak Shostak Pollack & O'Hara
       Christopher J. Duncan
       Elon A Pollack
       Attorneys for Plaintiff
       865 S. Figueroa Street, Suite 1388
       Los Angeles, California 90017
       Telephone: (213) 630-8888

14

# UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

### CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 2024-1710

**Short Case Caption:** Blue Sky the Color of Imagination, LLC

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes 3,133 words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 09/18/2024

Signature: /s/ Christopher J. Duncan

Name: Christopher J. Duncan

Save for Filing

FORM 30. Certificate of Service

Form 30
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF SERVICE

| Case Number | |
|---|---|
| Short Case Caption | |

**NOTE:** Proof of service is only required when the rules specify that service must be accomplished outside the court's electronic filing system.  See Fed. R. App. P. 25(d); Fed. Cir. R. 25(e).  Attach additional pages as needed.

I certify that I served a copy of the foregoing filing on  09/20/2024

by ☐ U.S. Mail   ☐ Hand Delivery   ☐ Email   ☐ Facsimile
   ☑ Other: CM/ECF

on the below individuals at the following locations.

| Person Served | Service Location (Address, Facsimile, Email) |
|---|---|
| Monica P. Triana, Esq | United States Department of Justice<br>International Trade Field Office<br>26 Federal Plaza, New York, NY 10278; monica.p.triana@usdoj.gov |
| | |
| | |
| | |
| | |

☐   Additional pages attached.

Date:  09/18/2024

Signature:  /s/ Christopher J. Duncan

Name:  Christopher J. Duncan